UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLY CALHOUN RICHARDS, III**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2629** |
| **WINN DIXIE, ET AL.,**<br>    **Defendants** | **SECTION: "E" (4)** |

### ORDER

This is a civil action in which Plaintiff is proceeding *pro se*. Plaintiff alleges he was falsely accused of shoplifting after purchasing groceries from a Winn Dixie on Jefferson Highway. Plaintiff further alleges he was assaulted and battered by "Sergeant Adindu," a security guard employed by New Orleans Private Patrol ("NOPP"). Plaintiff subsequently filed suit in federal court against Winn-Dixie Montgomery, LLC ("Winn Dixie"), Timothy Adindu, NOPP, and Zack Bridgeford.[1] Defendants responded with motions to dismiss for lack of subject matter jurisdiction.[2] Following repeated reminders by the Court,[3] Plaintiff eventually opposed the motions on May 28, 2015.[4] Plaintiff has separately moved to increase the damage demand in his complaint from $65,000 to $100,000.[5]

The complaint does not explicitly identify the basis for subject matter jurisdiction. Plaintiff nonetheless appears to invoke the Court's diversity jurisdiction. Under 28 U.S.C. § 1332(a), jurisdiction is proper where (1) the parties are completely

---

[1] Bridgeford allegedly manages the Winn Dixie on Jefferson Highway.
[2] R. Docs. 6, 7, 9.
[3] *See, e.g.*, R. Doc. 13.
[4] R. Docs. 18, 19, 20.
[5] R. Doc. 21.

1

diverse, and (2) the amount in controversy exceeds $75,000.[6]  Plaintiff bears the burden of proof on these issues.[7]

The parties are completely diverse when "the citizenship of each plaintiff is diverse from the citizenship of each defendant."[8]  NOPP is a corporation.  For purposes of diversity jurisdiction, a corporation is a citizen of (1) its state of incorporation, and (2) the state in which its principal place of business is located.[9]  NOPP alleges it is incorporated and has its principal of business in Louisiana.[10]  Therefore, NOPP is a Louisiana citizen.

Since NOPP is a Louisiana citizen, complete diversity is not present if Plaintiff is also a citizen of Louisiana.  With respect to natural persons, "citizenship requires residency and the intent to return or remain in the state."[11]  Plaintiff alleges in his complaint he is a resident of Louisiana.[12]  Although residence is not outcome-determinative of citizenship,[13] Plaintiff has not provided any information to suggest he intends to leave the state of Louisiana.  Accordingly, the Court has no choice but to assume Plaintiff is a citizen of Louisiana.  Therefore, the parties are not completely diverse.

But even if the parties were completely diverse, diversity jurisdiction would still be lacking because the amount in controversy does not exceed $75,000.  In his original complaint, Plaintiff demanded $65,000 in damages.[14]  Plaintiff now seeks leave to amend his complaint to increase the damage demand to $100,000 "due to ongoing

---

[6] *See* 28 U.S.C. § 1332(a).
[7] *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[8] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).
[9] 28 U.S.C. 1332(c)(1).
[10] *See* R. Doc. 7-1, p.3.  Plaintiff has not disputed these allegations.
[11] *Preston v. Tenet Healthsystem Memorial Ctr., Inc.*, 485 F.3d 804, 815 (5th Cir. 2007).
[12] R. Doc. 1, ¶1.
[13] *See Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985).
[14] R. Doc. 1, ¶4.

therapy sessions."[15] Even if the Court allowed this amendment, it would not establish the requisite amount in controversy for two reasons.

First, the amount in controversy is determined at the time of filing.[16] Post-filing events (such as "ongoing therapy sessions") generally do not affect the analysis.[17] As clearly indicated in the original complaint, the amount in controversy at the time of filing was $65,000.

Second, although the amount claimed by the plaintiff generally controls if made in good faith,[18] it is still the plaintiff's burden "to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, . . . if inquiry be made by the court of its own motion, to support the allegation."[19] Plaintiff has not provided sufficient factual detail for the Court to conclude that the amount in controversy exceeds $75,000.

Having established diversity jurisdiction is not proper, the Court now inquires whether subject matter jurisdiction exists under 28 U.S.C. § 1331. Federal question jurisdiction is present "when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."[20] Even when the complaint is construed liberally, the causes of action appear to be based entirely upon state law. Moreover, because none of the defendants are state actors, there is no basis for the assertion of a civil rights action under 42 U.S.C. § 1983.[21]

---

[15] R. Doc. 21.
[16] *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).
[17] *See id.*
[18] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).
[19] *Id.* at n.10; *see also Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982).
[20] *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (alteration in original) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)); *see also Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) ("[A] suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law.").
[21] *See Ballard v. Wall*, 413 F.3d 510, 517 (5th Cir. 2005) ("Private individuals generally are not considered to act under color of law, *i.e.*, are not considered state actors.").

3

## CONCLUSION

The Court has afforded Plaintiff every opportunity to prove why subject matter jurisdiction is proper in federal court. Because Plaintiff has failed to carry this burden, the Court has no choice but to dismiss the complaint for lack of subject matter jurisdiction.

Accordingly;

**IT IS ORDERED** that the Motions to Dismiss are **GRANTED**, and this matter is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 29th day of May, 2015.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**